FILED
 2011 Mar-14  PM 04:11
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ROBERT MCKINLEY ) | |
| THOMPSON AND TINA LYNN ) | |
| THOMPSON, ) | |
| ) | |
| Debtors, ) | |
| ) | |
| ROBERT MCKINLEY ) | |
| THOMPSON AND TINA LYNN ) | |
| THOMPSON ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Case No.:  5:11-CV-349-VEH |
| ) | |
| PHILIP A. GEDDES, CHAPTER 13 ) | |
| TRUSTEE, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This bankruptcy appeal involves the issue of attorney's fees. More specifically,

it challenges Bankruptcy Judge Jack Caddell's order (Doc. 1-2) entered on December

13, 2010, which denied the motion to alter or amend the confirmation order that was

filed on November 12, 2010, by substitute counsel Lisa Jones, Esq.'s ("Ms. Jones")[1] for the appellants/debtors, Robert McKinley Thompson and Tina Lynn Thompson (the "Thompsons"). (Doc. 1-2; *see also* Doc. 2-31). Ms. Jones had requested in her motion that Judge Caddell raise the overall fee amount by $1,850.00 to $2,750.00, *i.e.*, the attorney fee figure that was originally proposed prior to the entry of the confirmation order on the Thompsons' Chapter 13 Plan on November 2, 2010. (Doc. 1-2; *see also* Doc. 2-31 ¶ 9). Accordingly, the attorney fee awarded remained at the level provided for in the confirmation order–$900.00. (Doc. 1-2).

The Thompsons filed their notice of appeal (Doc. 1) on February 1, 2011, and their opening brief (Doc. 5) on February 15, 2011. Appellee Chapter 13 Trustee Phillip A. Geddes ("Mr. Geddes") filed his opposing brief on February 28, 2011. (Doc. 6). On March 10, 2011, the Thompsons filed their reply brief. (Doc. 7). Accordingly, the appeal is now under submission, and for the reasons explained below, the bankruptcy court's contested ruling is due to be **REVERSED** and **REMANDED**.

---

[1] The attorney responsible for filing the debtors' bankruptcy petition on July 15, 2010, was Ruth M. Lynch. (*See* Doc. 2-1; *see also* Docket Item #1 of the Thompsons' Chapter 13 Plan). Ms. Jones entered her appearance on behalf of the Thompsons on August 16, 2010. (*See* Doc. 2-4; *see also* Docket Item #28 of the Thompsons' Chapter 13 Plan).

## II. STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions *de novo*. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996). "Neither the district court nor the [Court of Appeals] is authorized to make independent factual findings; that is the function of the bankruptcy court." *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990).

Concerning a review of fees in bankruptcy cases more specifically, the Eleventh Circuit has instructed:

> "We note initially that an award of attorneys' fees in a bankruptcy proceeding will be reversed only if the court abused its discretion." *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir. 1990). "<u>An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination</u>, or bases an award upon findings of fact that are clearly erroneous." *Id.*

*In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997) (emphasis added).

"The bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, [the district court] is left with a definite and firm conviction

that a mistake has been made." *In re Int'l Pharmacy & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005); *see also United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.").

### III.   BRIEF STATEMENT OF ISSUES

The two issues presented by Ms. Jones on appeal are:

I.   Whether the Bankruptcy Court erred in reducing the proposed attorney's fee in the Chapter 13 plan from $2,750.00 to $900.00 in the confirmation order[; and]

II.  Whether the Bankruptcy Court erred in failing to provide notice and an opportunity to be heard prior to reducing debtors' attorney fees.

(Doc. 5 at 4).

Mr. Geddes frames the questions on appeal somewhat differently:

1.   Whether the Bankruptcy Court erred in setting counsel's fee at $900 at the Motion to Alter or Amend the Confirmation Order[; and]

2.   Whether the notice and hearing that were given after Debtors filed their Motion to Alter or Amend the Confirmation Order were sufficient to advise Appellants' counsel that her fees were at issue and to allow counsel to prove her fees.

(Doc. 6 at 4).

The bankruptcy order appealed from states in full:

On December 13, 2010, this case came before the Court on motion by Lisa Jones, Esq., debtor's counsel, to alter or amend confirmation order to include attorney's fee proposed in the Chapter 13 plan in the amount of $2,750.00. The confirmation order dated November 2, 2010 provided for an attorney fee of $900.00. The order requires the debtor to make payments in the amount of $165 for thirty-six months. <u>The trustee opposes the motion on the grounds that confirmed plan will only pay $5,940.00 to the trustee, secured and unsecured creditors, and court costs</u>.

<u>While the Court has no doubt the attorney has put considerable work into the case, the amount of the attorney fee requested is not commensurate with the amount being paid into the case and would actually make the case entirely unfeasible. Local Rule 2016-1(l) provides that an attorney in a Chapter 13 case is relieved from filing a detailed application for compensation if the fee charged does not exceed $2,750, but the compensation charged must be commensurate with the nature and complexity of the case</u>. Therefore, the Court denies counsel's motion for additional fees, sustains the trustee's objection, and <u>sets the attorney fee at $900.00</u>.

(Doc. 1-2 (emphasis added)).

## IV.  DETERMINATION ON APPEAL

Upon consideration of the record on appeal, including the briefs, appendices, and other papers filed by the parties, this court is of the opinion that the bankruptcy court's ruling denying the motion filed by Ms. Jones to alter or amend the confirmation order with respect to the attorney's fee award is incorrectly decided, and that the decision is due to be **REVERSED** and **REMANDED** for further proceedings

consistent with this memorandum opinion. More specifically, the bankruptcy court committed legal error on a *de novo* basis because the language included in the order on reconsideration indicates that the bankruptcy court applied the wrong standard in determining the appropriate attorney's fee to award to Ms. Jones. Alternatively, to the extent that the bankruptcy judge attempted to apply the correct standard in setting attorney's fees, because he did not make any express findings about the complexity *vel non* of the Thompsons' bankruptcy case (which might possibly warrant a reduction in the amount of fees sought by Ms. Jones), the order cannot be affirmed on appeal.

In this case, Ms. Jones seeks to have the bankruptcy court approve the full "no look" flat fee rate of $2,750.00, which is locally applicable in Chapter 13 proceedings.[2] Here, there is no dispute that Ms. Jones filed the appropriate paperwork to support a "no look" fee award. (Doc. 2-9 (indicating balance due to Ms. Jones of $1,950.00 because of debtors' pre-petition payment of $800.00 to their prior counsel, *i.e.*, $2,750.00 - $800.00 = $1,950.00)).

---

[2] "A 'no look' fee is one in which an attorney may charge up to a certain figure established by the court (. . . less than [$2,750] in this District) without the need for a fee application." *In re Dabney*, 417 B.R. 826, 830 n.6 (Bkrtcy. N.D. Ga. 2009); *see also* Local Rule 2016-1(l) applicable in the United States Bankruptcy Court for the Northern District of Alabama.

6

In its December 13, 2010, order, the bankruptcy court observed that "Local Rule 2016-1(l) provides that an attorney in a Chapter 13 case is relieved from filing a detailed application for compensation if the fee charged does not exceed $2,750, <u>but the compensation charged must be commensurate with the nature and complexity of the case</u>." (Doc. 1-2 (emphasis added); *see also* 11 U.S.C. § 330(a)(3)(D) (listing as one relevant factor "whether the services were performed within a reasonable amount of time commensurate <u>with the complexity, importance, and nature of the problem, issue or task addressed</u>") (emphasis added); *In re Citation Corp.*, 493 F.3d 1313, 1319-20 (discussing § 330 statutory factors). However, in declining to award $2,750, the bankruptcy court determined that "the amount of the attorney fee requested is <u>not commensurate with the amount being paid into the case and would actually make the case entirely unfeasible</u>" given "that [the] confirmed plan will only pay $5,940.00 to the trustee, secured and unsecured creditors, and court costs." (Doc. 1-2 (emphasis added)).

The feasibility rationale used by the bankruptcy court to deny Ms. Jones's motion is not part of the standard set forth in Local Rule 2016-1(l) or § 330. Moreover, Mr. Geddes has not pointed to any authority in which such reasoning discretionarily supported a district court's decision to reduce a "no look" fee request made by a debtor's attorney. Similarly, this court's own independent research has

revealed no such controlling case law which implies, much less holds, that a debtor's counsel's fee can be appropriately rejected on feasibility or size of the estate grounds. (*See also* Doc. 7 at 11 ("This writer finds and trustee cites no authority for such a basis of awarding fees.")).[3]

On the other hand, Ms. Jones has located one district court case, which generally observes that it is inappropriate to factor in the size of an estate when setting an attorney fee award:

---

[3] Mr. Geddes contends that "Section 330 of the Bankruptcy Code, as applied by the Eleventh Circuit Court of Appeals in *Citation Corporation, supra*, requires the bankruptcy court to review the debtor's fee application for reasonableness, time involved, the nature and extent of the professional's services, and comparable fees, all with a mindfulness of the need to conserve the resources of the bankruptcy estate." (Doc. 6 at 10 (emphasis added)). However, neither § 330 nor *Citation Corporation* embraces conserving the resources of the bankruptcy estate as a relevant factor for reducing an attorney's fees request. Instead, *Citation Corporation* speaks to the importance of scrutinizing administrative expenses, such as attorney's fees, consistent with the parameters set forth in § 330, in an effort to minimize their financial impact on the estate. *See Citation Corp.*, 493 F.3d at 1318 ("'Given the Bankruptcy Code's overriding concern for keeping administrative expenses to a minimum so as to preserve as much of the estate as possible for the creditors, we must carefully review the legitimacy of such claims.'") (emphasis added) (citations omitted); *id.* at 1320-21 ("Section 330 and the Bankruptcy Code as a whole have an 'overriding concern for keeping administrative expenses to a minimum so as to preserve as much of the estate as possible for the creditors.'") (citation omitted); *id.* at 1321 ("Consistent with this concern, § 330 focuses on the benefit a professional's services give the estate."). Additionally, *Citation Corporation* does not involve consideration of a "no look" fee sought by a debtor's lawyer, but rather encompasses a reasonableness evaluation of "an adjusted fee for the investment banking services of Appellee, Miller Buckfire & Co." *Citation Corp.*, 493 F.3d at 1315-16.

> The bankrupt has an inherent right to counsel, for, by the adjudication, he is stripped of his estate. *In re Wood & Henderson* (1908) 210 U.S. 246, 28 S. Ct. 621, 52 L. Ed. 1046; *In re Evenod Perfumer, Inc., supra*. Nevertheless, courts frown upon the idea of burdening the estate with the expense of furnishing the bankrupt an attorney every time he appears before the bankruptcy court. *Whitla & Nelson v. Boyd, supra*. <u>Nor is the size of the estate taken into consideration in determining the amount of the fee</u>. *In re Lane Lumber Co., supra*.

*In re Owl Drug Co.*, 16 F. Supp. 139, 147 (D.C. Nev. 1936) (emphasis added). This court similarly finds that factoring in the size of the Thompsons' estate as a basis for reducing the fee sought by Ms. Jones is an abuse of discretion, particularly where, as here, the size of the estate appears to have been the <u>sole</u> factor considered by the bankruptcy court.

Furthermore, to the extent that the bankruptcy court may have attempted to apply the correct standard in arriving at an appropriate attorney's fee, nowhere in its order does the court state that the Thompsons' bankruptcy case was a simple one to handle. Additionally, the court disagrees with Mr. Geddes that the bankruptcy court "found, by implicit language, that the fee requested was not commensurate with the nature and complexity of the case." (Doc. 6 at 10).

To the contrary, the fact that, the bankruptcy court did not "doubt" that Ms. Jones had "put considerable work into the case" suggests a belief that the nature of the action involved some level of complexity, especially in light of the undisputed

9

mortgage negotiations that took place. (Doc. 1-2; Doc. 3-7 at R. 3:18-19 ("We also handled a motion for relief from stay to save their home[.]");[4] Doc. 2-28 ("This matter coming on to be heard on the Motion of CHASE HOME FINANCE, LLC, for Relief from Stay and the Court being informed that the Debtors, the Debtors' attorney, the Movant or attorney for the Movant have reached an agreement . . ."); Doc. 7 at 6 ("Through negotiations between counsel and the mortgage company, that goal [of saving the Thompsons' home] was achieved.")); *cf. In re Dabney*, 417 B.R. at 833 ("None of this necessarily renders this case simple; but there is nothing in the record to rebut the proposition that <u>this case is more simple than the average chapter 13 case which involves a house and/or cars</u>.") (emphasis added) (footnote omitted). Accordingly, for all these reasons, the bankruptcy court's decision declining to increase the amount of attorney's fees to be awarded is due to be **REVERSED** and **REMANDED** because of its failure to apply the correct legal standard.[5]

V.  **CONCLUSION**

As stated above, the bankruptcy court's decision is due to be **REVERSED** and

---

[4] "R. 3:18-19" means that the quoted language appears on lines 18 to 19 of page three from the transcript of proceedings held before Judge Caddell on December 13, 2010, concerning Ms. Jones's motion to alter or amend the confirmation order.

[5] Because this court has reversed the bankruptcy court on the first issue raised in this appeal, it does not reach the merits of the second issue presented by Ms. Jones.

**REMANDED**. The court will enter an order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 14th day of March, 2011.

_/s/ Virginia Emerson Hopkins_
**VIRGINIA EMERSON HOPKINS**
United States District Judge